■ Milissa Jeanne Davis, Appellant, v Scott Davis, Respondent. [985 NYS2d 146]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (MacKenzie, J.), entered May 9,

2012, as, upon a decision dated January 20, 2012, made after a nonjury trial, awarded her maintenance in the sum of only $25 per week for a period of three years, and child support in the sum of only $73.09 per week until the expiration of the defendant's maintenance obligation, at which time the defendant will be required to pay the sum of $155.50 per week in child support.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on September 19, 1997, and have two children. Prior to the marriage, the parties entered into a prenuptial agreement wherein they agreed that Florida law would apply with regard to, inter alia, the dissolution of their marriage, maintenance, and child support. Following a nonjury trial, the Supreme Court awarded to the plaintiff maintenance in the sum of only $25 per week for a period of three years, and child support in the sum of only $73.09 per week until the expiration of the defendant's maintenance obligation, at which time the defendant will be required to pay the sum of $155.50 per week in child support. On appeal, the plaintiff contends, inter alia, that the Supreme Court erred in failing to impute income to the defendant for purposes of awarding maintenance and child support.

Pursuant to Florida law, income "shall be imputed to an unemployed or underemployed parent if such unemployment or underemployment is found by the court to be voluntary on that parent's part, absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control" (Fla Stat § 61.30 [2] [b]). "Imputing income is a two-step analysis: '(1) the determination of whether the parent's underemployment was voluntary, and (2) if so, the calculation of imputed income' " (*Cash v Cash*, 122 So 3d 430, 434 [Fla Dist Ct App, 2d Dist 2013], quoting *Bator v Osborne*, 983 So 2d 1198, 1200 [Fla Dist Ct App, 2d Dist 2008]). The burden of proof is on the party seeking to impute income to the other party (*see Torres v Torres*, 98 So 3d 1171, 1172 [Fla Dist Ct App, 2d Dist 2011]; *Mudafort v Lee*, 62 So 3d 1196, 1198 [Fla Dist Ct App, 4th Dist 2011]; *Rodriguez v Medero*, 17 So 3d 867, 870 [Fla Dist Ct App, 4th Dist 2009]).

"The credibility of witnesses is within the trial court's exclusive purview" (*Poe v Poe*, 63 So 3d 842, 844 [Fla Dist Ct App, 5th Dist 2011]). Here, the Supreme Court expressly found that the defendant testified in "a credible and forthright manner," while the plaintiff was "not a credible witness." Among other determinations, the Supreme Court concluded that the

defendant's unemployment or underemployment status was "involuntary in that he was not terminated [from his prior employment] for cause." It also determined that the defendant was "currently unemployed despite his best efforts to find employment." The Supreme Court further found that it was "satisfied that [the] defendant ha[d] made diligent efforts to find employment and will continue to do so." Based on the foregoing, under the circumstances of this case, we discern no error in the Supreme Court's refusal to impute income to the defendant.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.